## James Stadden v. Daniel Hazzard and others.

*Written instruments: Construction.* It is for the court, and not the jury, to construe and determine the legal effect of written instruments introduced in evidence.

*Practice: Rulings that do not prejudice.* But where the court has left the question of the legal effect of a written instrument to the jury, their verdict will not be disturbed on review where upon a proper construction of the instrument no different verdict could, consistently with the other facts involved and determined by the verdict rendered, have been properly found; such a ruling could not have been prejudicial to the party complaining of it.

*Lease: Mortgage: Construction: Wheat crop: Title.* An agreement whereby one, in consideration of a promise to pay him four hundred dollars, lets to another a parcel of land for a year, agreeing to prepare the land and sow it to wheat, and authorizing the latter to enter the premises and harvest the same and do all things necessary to secure the crop, is a lease and not a mortgage; and under it the title to the wheat crop in question would be in the lessee, and not subject to attachment against the lessor.

*Heard April 11.    Decided April 20.*

Error to St. Joseph Circuit.

*Alfred Akey* and *Charles Upson*, for plaintiff in error.

*C. J. Beerstecher* and *H. H. Riley*, for defendants in error.

MARSTON, J:

Plaintiff in error brought this action to recover upon a bond executed by the defendants under § *5278, Compiled Laws.*

Defendant David Hazzard claimed title to the property seized under an instrument* dated September 4, 1873, between himself and Seth E. Wells, the defendant in the attachment suit. The plaintiff claimed that the instrument in question constituted a mortgage; that Hazzard was not the general owner of the property and could not therefore maintain his defense under the bond. He also claimed that this so-called mortgage was given with intent to hinder or delay Wells' creditors and was therefore void as against the plaintiff. The defendants claimed that the instrument in question was a lease between Wells and Hazzard; that it was given in good faith; that Hazzard was therefore the owner of the property in question, and plaintiff could not recover.

The court fairly submitted to the jury the question whether this instrument was given in good faith and without intent to hinder, delay, or defraud Wells' creditors, and also left it to the jury to find whether the instrument was a lease or a mortgage.

Under the charge as given, the jury might have found that the instrument was given as security for the liability of Hazzard as surety for Wells, or for the payment of indebtedness existing and due from Wells to Hazzard at the

---

* This agreement, made the 4th day of September, A. D. 1873, between Seth E. Wells, of St. Joseph county, and state of Michigan, of the first part, and David Hazzard, of the same place, of the second part: Witnesseth, that the said Seth E. Wells hereby agrees to demise and let to the said Hazzard, and by this indenture covenants and agrees with the said Hazzard to lease to him certain real estate, described as follows, to-wit: Being fifty-five acres, part of the farm known as the Wells farm, situate in the township of Nottawa and county of St. Joseph, and state of Michigan, for the term of one year from date. Said land the said Hazzard desires to sow to wheat, and the said Wells hereby agrees that the said Hazzard may enter the said premises for the purpose of harvesting the same, and to do all things necessary to secure the said wheat crop; said Hazzard is to have all the straw. In consideration of this lease, the said Hazzard hereby agrees to pay the said Wells five hundred dollars, one hundred and twenty-five dollars to be paid within fifteen days from date hereof, balance to be paid within one year from this date. And the said Wells further agrees to prepare the said land and sow the same with wheat for the said Hazzard.

date of the lease, without intent to hinder or delay creditors, in which event they were instructed to find for the plaintiff the difference between the amount of such indebtedness and the value of the wheat, not exceeding, however, the amount of the plaintiff's claim.

If any error was committed in this charge the plaintiff is not the one to complain, as it was more favorable to him than the facts would warrant. The proper construction and legal effect of the instrument was for the court, and not the jury, to determine. The instrument in question was not a mortgage. There are none of the essential features of a mortgage incorporated in it. It was simply a lease, and defendant Hazzard was the general owner of the property raised under it. The court submitted to the jury the object and intent of the parties in executing this lease; this was all the plaintiff was entitled to.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.

